IN RICHMOND SUPERIOR COURT.

LUD HARRIS & Co. *vs.* ELIHU WILLIAMS.

*Motion to enter satisfaction, &c.*

### Statement of the case.

IN the year 1809, the plaintiff issued an attachment against the deponent, a resident of South Carolina, for about $1300, which was levied upon two negro men and one woman; two of these negroes, one man and the woman sold for the rise of $900; the other negro escaped.

In the year 1821, the plaintiff commenced suit in Edgefield district, South Carolina, upon an exemplification of the judgment obtained in the Superior Court of Richmond County, Georgia. To this action the defendant pleaded *nul tiel record,* the statute of limitations and set-off, and the jury found for the defendant.

In the year 1827 the plaintiffs took out execution under the judgment in the Superior Court of Richmond county, Georgia, and levied it upon a negro man as the property of the defendant. Whereupon the defendant moved this court to have satisfaction entered upon the said judgment, and offered the judgment in his favor from Edgefield as proof of payment. And the question which occurs for the decision of the Honorable Court is this. Does the exemplification from the court of Edgefield afford sufficient proof that payment was the ground upon which it was obtained, to authorize this court to enter satisfaction of the Richmond judgment?

> JOHN W. WILDE, defendant's attorney.
> JNO. P. KING.

*By the Court.*—This question depends chiefly upon the construction given to the Constitution and laws of the United States.

The Constitution declares that full faith and credit shall be given in each State to the judicial proceedings of every other State. And by the act of Congress of the 26th May, 1790, it is declared that the records and judicial proceedings of the State courts (authenticated in the manner therein prescribed) shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from whence the said records are or shall be taken. Would the judgment rendered for the defendant in Edgefield be a bar to any subsequent suit on the judgment against him in Richmond, if such subsequent suit were commenced in any of the courts of South Carolina? There can be no hesitation in saying it would, as that judgment was conclusive upon the subject-matter of it, between

*The records and judicial proceedings of the courts of South Carolina, when legally authenticated, are entitled to the same faith and credit in Georgia as they have by law or usage in Carolina.*

RICHMOND.

HARRIS & Co.
*v.*
WILLIAMS.

the parties. If conclusive in South Carolina, and the same faith and credit are to be given to the judgment in every court within the United States as by law it would have in South Carolina ;—it follows that the judgment in Edgefield would be as conclusive and afford the same protection to the defendant in any other State where suit might be brought, and that as well in Georgia as elsewhere.

But the distinct question submitted, is, whether the judgment in Edgefield affords sufficient proof that payment was the ground upon which it was obtained to authorize the court to order an entry of satisfaction here.

The record from Edgefield shows three distinct pleas, nul tiel record, the statute of limitations, and a set-off. The verdict and judgment are general. It is, therefore, impossible for this court to know certainly from the record on which particular plea the judgment was rendered. Yet as the plea of nul tiel record would be answered by the adduction of the exemplification of the judgment in Richmond, on which alone the plaintiff could proceed, and as there was no limitation of the judgment, by our laws, it is strongly to be presumed that the case turned on the plea of set-off; and as the matter of set-off arose subsequently to the judgment in Richmond, it must be considered equivalent to payment; at all events the judgment being general, the latter plea must be included in it.

To deny the defendant the benefit of the judgment in Edgefield, would be to declare that a judgment which by the Constitution and laws of the United States is obligatory on every other court within them, has no obligation here, and would further be, to permit the plaintiff to make use of the authority of this court for the enforcement of a demand adjudged by a competent court of South Carolina to be extinguished.

Let the rule be made absolute.